Treat, Justice, delivered the opinion of the court: Whiteside brought an action of assumpsit against Russell, in the Madison circuit court. The declaration has two counts. The first charges, in substance, that in March, 1829, the plaintiff owned and possessed 146 40-100 acres of land, which, together with 359 29-100 acres owned and possessed by the defendant, consisting of one entire entry in the name of Samuel Jackeway, had been advertised for sale by the register of the land office at Kas-kaskia for the payment of arrears due thereon, and interest and costs of sale, which land could not, under the regulations of the land office, be sold or redeemed separately, but had [* 9] to be sold or redeemed altogether; that the plaintiff, to save his own land, was compelled to redeem, by paying the arrears due on the whole of the land, amounting to $108.16, which was in fact due on the portion owned by the defendant, and no part of it due on the portion owned by the plaintiff; of which the defendant had notice; and he, although particularly requested, refused payment, whereby he became liable, etc. The second count is for money paid, laid out, and expended. There was a demurrer to the first count, which the court overruled, and the defendant then pleaded non assumpsit, on which plea the plaintiff took issue. A trial was had before a jury, a verdict returned for the plaintiff for #130.67, and judgment rendered thereon. A bill of exceptions was taken, from which it appears, that on the trial the plaintiff offered in evidence the following testimony: First. A certificate of the register of the land office at Kas-kaskia, showing, from the records of his office, that Samuel Jackeway entered at that office, on the 8th of September, 1814, as one entire entry, three tracts of land containing 487 69-100 acres. Second. A copy of the deed from Jackeway to the plaintiff, dated the 11th of November, 1814, for a portion of the land described in Jackeway’s entry, to which there was a certificate purporting to be signed by Wei. Whiteside, as a justice of the peace, stating in substance, that Samuel Jackeway had appeared before him, and acknowledged the conveyance to be his act and deed, Avhich was dated on the same day with the deed. There was attached a certificate of the recorder of Madison county, under his seal of office, certifying it to be a true copy from the original record of the deed recorded in his office on the 12th of November, 1814. Third. A certificate of the register of the land office, showing, from the records of his office, that by a corrected survey of the land embraced in Jackeway’s entry, it amounted to 28 acres more than was stated in-the survey under which the entry was made, and. that the arrears of purchase money due on the entry and interest amounted to f 108.16, which had been paid. Fourth. A printed notice purporting to be signed by the register of the land office at Kaskaskia, dated December 23d, 1829, giving notice that on the 18th of March thereafter, certain lands therein described, amongst them the lands embraced by Jacke-way’s entry, would be offered for sale to the highest bidder, for a price not less than the amount of arrears due thereon, and interest and expenses of sale. In connection with this notice, it was proved by a witness, that the ■ notice had been published [* 10] for several weeks prior to the time of the sale, in a newspaper published in Kaskaskia. To the reading of the foregoing evidence, the defendant objected, but the objection was overruled, and the evidence given to the jury. The plaintiff also called one Swigart, as a witness, and asked him certain questions, to which the defendant objected, and the objections was overruled; but it does not appear what the answers of the witness were. This is all of the testimony copied into the bill of exceptions. The defendant asked the court to give the following instructions to the jury: First. That if they are satisfied, that by the regulations of the land office, Whiteside could not redeem his land, except by redeeming Russell’s, and that he did so, they still must find for the defendant, unless they are satisfied that he made such payment for Russell’s benefit, and at his special instance and request. Second. That a man cannot make another his debtor, without his consent. Third. That if a man makes a voluntary payment of money for another, without his knowledge or consent, he cannot compel a repayment of such money. Fourth. The jury must be satisfied that Whiteside and Russell were both interested in the entire entry made by Jackeway, and that Russell has been benefited by the act of Whiteside, before they can find for plaintiff. Fifth. If the jury are not satisfied that Whiteside had a good title to the lands redeemed by him, in connection with Russell, the payment was entirely voluntary on his part, and they must find for the defendant. Sixth. If the jury are not satisfied that Russell wished to redeem the land, Whiteside cannot compel him to pay the .amount paid by him, in redeeming them, without the knowledge or consent of Russell. These instructions the court refused to give, the defendant excepting. The assignment of errors questions the propriety of the decisions of the court, in admitting the evidence objected, to and in refusing the instructions asked for. We perceive no valid objection to the admission of the certificates of the register of the land office. By the fourth section of the “act declaring what shall he evidence in certain cases” (Gale’s Stat. 287; R. L. 280), it is provided that the official certificate of the register to any matter on record in his office, shall be received in evidence, and be competent to prove the fact [® 11] certified, and his certificate of the entry or purchase of the land, shall be evidence of title in the party who made the entry or purchase. Under this provision, the certificates of the register were competent to prove the entry of Jackeway, and title in him, as well as the amount of arrears due on the land, and the payment thereof; matters put in issue by the pleadings in the cause. In the absence of the contrary statement in the bill of exceptions, we are to presume that proof of the handwriting and official character of the register were proved before the admission of the certificates in evidence. Nor do we perceive that the court erred, in permitting the certified copy of the deed from Jackeway to be read in evidence. The 17th section of the “ act concerning conveyances of real property” (Gale’s Stat. 158; R. L. 135), provides that where any deed or conveyance, required to be recorded, has been properly acknowledged and recorded, and is lost, or not in the power of the party wishing to use it, a transcript of the record, certified by the recorder, may be read in evidence, without further proof. The deed does not appear to be properly acknowledged according to the provisions of this act; the certificate of the justice of the peace taking the acknowledgment not stating that Jackeway was personally known to him to be the person whose name was subscribed to the deed, as having executed the same, as required by the 11th section. This act was not in force at the time of the execution of the deed, and it was acknowledged under an act of the territorial legislature, entitled “ a law establishing the recorder's office, and for other purposes f approved September 17th, 1807 (Laws of Indiana Territory 92), which provides that deeds and conveyances executed within the territory, shall be acknowledged by one of the grantors, or proved by one or more of the subscribing witnesses, before one of the judges of the general court, or of the court of common pleas, or a justice of the peace of the county in which the lands lie, and recorded in the recorder’s office of the county where the land conveyed is situate, but prescribes no particular form for the certificate of acknowledgment. The certificate of the justice shows that the provisions of the last named act were fully complied with. It does not appear that any question was made in the court below, as to the loss of the original deed, or the inability of the plaintiff to produce it; and wo are to conclude that this was either admitted by the defendant, or proved by the plaintiff. The next question is as to the admission of the notice of sale. The act of congress of May 10th, 1800 (1 Story’s Laws, 783), provides for the sale of the public lands north-west of the Ohio river, on a credit, and in ease of a failure to pay the purchase money according to the terms of sale, the register is to [* 12] give thirty days notice in five of the most public places in his district, and sell the land to the highest bidder, at a price not less than the amount of the arrears due, with interest and expenses of sale. Various acts of congress were subsequently passed, extending the time of payment, and giving relief to purchasers, but in no respect affecting the rights of the parties to this suit, as presented by the pleadings. If arrears were due on the entry of Jackeway, the register was fully authorized to sell upon giving the notice required. We think the printed notice, coupled with the proof of its publication in a newspaper, published in the place where the land office was established, was proper evidence to show the advertisement of the land for sale, as required by the act of Congress. The object of the notice is to apprise the public and the parties interested of the sale of the land; and this object would be more fully accomplished by a publication of this kind, than by the posting up of notices in particular places. The jury would at least be justified in inferring, from such evidence, the giving of the particular notice required by the laws of the United States. The decision of the court, in overruling the objection to the question propounded to the witness Swigart, cannot be assigned for error. This court decided, in the case of Miller v. Houck et al. (1 Scam. 501), that it does not follow as a necessary consequence to the asking of a question, that the answer will be in the affirmative, and that the answer must be set out in the bill of exceptions, so that the court may determine whether the testimony given was improper. The only remaining question is as to the refusal of the court to give the instructions. To determine this question correctly, it is necessary to recur to the pleadings, and see what are the matters in issue between the parties. Whether the declaration shows a sufficient cause- of action, we are not called upon to decide. The defendant, by abandoning his demurrer, and pleading to the declaration, admitted its sufficiency, and it was only necessary for the plaintiff to prove the material averments in it, to obtain a verdict. These averments are, that the plaintiff and defendant owned the land entered by Jackeway, on which arrears were due ; that the land was advertised for sale, and the plaintiff redeemed it by paying the arrears, which were all due on the defendant’s portion. The fact, whether the redemption was for the benefit of Russell, or at his request, was entirely immaterial. All of the instructions but the fifth proceed on the ground that the payment must have been made, either for Russell’s benefit, or at his instance, to authorize the plaintiff to recover. The fifth instruction, if given, would have defeated the plaintiff’s action, unless he had shown a perfect title to the land. The object of this suit was to recover money paid, and not to try the title to [* 13] the land. The title did not come directly in question, as it does in actions of ejectment and trespass brought for the purpose of settling title. The plaintiff, by proving that he was interested in the land by purchase from Jackeway, would sustain the allegation in his declaration, as to his ownership. If there was an outstanding mortgage on the land, or a lien by judgment, or if the plaintiff had but an estate for life, his title might not be good in the language of the instruction, but would be sufficient to maintain his action. We conclude, therefore, that the instructions asked for were wholly inapplicable to the issue the jury was trying, and for that reason were properly refused. The judgment of the circuit court is affirmed with costs. Judgment affirmed.